IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GINA R., | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-2038-BK |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     DEFENDANT. | § | |

**MEMORANDUM OPINION**

The parties have consented to proceed before the undersigned United States magistrate judge. Doc. 20. Upon review, Plaintiff's *Brief*, Doc. 18, construed as a motion for summary judgment, is **DENIED**, Defendant's *Response Brief*, Doc. 21, construed as a cross-motion for summary judgment, is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.[1]

**I. BACKGROUND**

**A. Procedural History**

Plaintiff seeks judicial review of the Commissioner's decision denying her application for disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). Doc. 18 at 1. Plaintiff filed an application for DIB on July 6, 2017, alleging disability

---

[1] In the interest of justice, the parties' filings are construed as cross-motions for summary judgment despite the fact that they were not filed as such in accordance with the local civil rules and the Court's *Scheduling Order*. *See* N.D. Tex. L. Civ. R. 9.1; Doc. 16. Additionally, neither party adhered to the Court's directive to cite "to the document number and page number . . . as viewed in CM/ECF, *e.g.,* Doc. 10 at 2" in their filings, instead citing to the transcript page numbers. *See* Doc. 16 at 2 ("The parties may *not* cite directly to the transcript page numbers.") (emphasis added). Thus, every record citation in both briefs is incorrect. Future failure to comply with the Court's instructions may result in the non-compliant filings being stricken from the record.

since June 1, 2014 due to heart disease and back and leg numbness. Doc. 15-1 at 147, 183. After her claim was denied at all administrative levels, she appealed to this Court. Doc. 1 at 1-2.

    **B. Relevant Facts**

On her disability onset date, Plaintiff was 44 years old. Doc. 15-1 at 147. She has a general equivalency degree and past work experience as a cashier, hotel clerk, and hotel manager. Doc. 15-1 at 42, 53. She also has a long history of heart problems, having first experienced chest tightness in 2016 and ultimately being diagnosed with coronary artery disease. Doc. 15-1 at 330, 335, 339. Her list of physical impairments is long and well-documented, *see, e.g.*, Doc. 15-1 at 233, 237, 323; her list of mental impairments, less so. She was diagnosed with depressive disorder with an onset date of November 28, 2011. Doc. 15-1 at 234. At later visits, she noted her depression stemmed from pain and a lack of depression medications. Doc. 15-1 at 297. In May 2017, Plaintiff's doctor added reactive depression to the list of diagnoses. Doc. 15-1 at 301. She was "advised to do physical and relaxation exercises and participate in outing with family and friends" and call 9-1-1 and notify another adult if she had any suicidal or homicidal ideations. Doc. 15-1 at 301.

In July 2018, Plaintiff's attorney referred her for a consultative psychological evaluation with Dr. Darrell Horton, Ph.D. Doc. 15-1 at 668. Plaintiff's hands were swollen, her fingers bent, and she had an uneven gait while using a cane for balance. Doc. 15-1 at 668. After examination, Dr. Horton diagnosed posttraumatic stress disorder ("PTSD"), somatic symptom disorder, major depressive disorder, moderate, recurrent, and social anxiety disorder. Doc. 15-1 at 669. He noted Plaintiff "would have difficulty understanding, remembering, and applying information to perform work activities." Doc. 15-1 at 670. He emphasized that "she would not

2

always be able to interact with others," and "would not be able to concentrate, persist, and maintain pace at a sustained rate." Doc. 15-1 at 670.

### C. The ALJ's Findings

On October 26, 2018, the ALJ denied Plaintiff's application for DIB. Doc. 15-1 at 10, 29. The ALJ determined Plaintiff had the severe impairments of coronary artery disease, obesity, hypertension, lumbar degenerative disc disease, arthritis, fibromyalgia, neuropathy, major depressive disorder, anxiety disorder, somatoform disorder, and PTSD. Doc. 15-1 at 15. Nevertheless, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the Code of Federal Regulations. Doc. 15-1 at 18. The ALJ also found that although Plaintiff was unable to perform any past relevant work, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. Doc. 15-1 at 27-28. The ALJ thus concluded that Plaintiff is not disabled. Doc. 15-1 at 29.

## II. APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a five-step inquiry to determine whether a claimant is disabled:

> (1) an individual who is working and engaging in substantial gainful activity is not disabled;
>
> (2) an individual who does not have a "severe impairment" is not disabled;

3

> (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors;
>
> (4) if an individual is capable of performing her past work, a finding of "not disabled" must be made;
>
> (5) if an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if any other work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam) (summarizing 20 C.F.R. § 404.1520(b)-(f)).

Under the first four steps of the inquiry, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is or is not disabled. *Id.* If the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If the Commissioner cannot make such a showing, the claimant should be found to be disabled. *Id.* The Commissioner's burden under step five may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations, by expert vocational testimony, or by other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's decision is limited to determining if (1) the Commissioner's position is supported by substantial evidence, and (2) the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a

conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment for that of the Commissioner; instead, it only scrutinizes the record to determine whether substantial evidence exists to support the decision made. *Greenspan*, 38 F.3d at 236. The evidence may preponderate in the claimant's favor but still substantially support the Commissioner's findings. *See Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985).

When considering the parties' summary judgment arguments, the Court relied upon the parties' citations to the supporting evidence of record. The Court is not obligated to independently probe the record to find supporting evidence for one side or the other. *See* FED. R. CIV. P. 56 (the movant and opponent of a motion for summary judgment must support their positions by "citing to particular parts of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (the court has no obligation under Rule 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment") (quotation omitted).

### III. ARGUMENT & ANALYSIS

Plaintiff raises a single issue—that the "ALJ's mental RFC finding is not supported by substantial evidence of record." Doc 18 at 4. She argues that the ALJ improperly relied on his own interpretation of the medical evidence (without the help of a medical expert) and rejected Dr. Horton's opinion that Plaintiff would have difficulty understanding, remembering, and applying information, would not be able to interact with others, and would not be able to concentrate persist, and maintain pace at a sustained rate. Doc. 18 at 11-14 (citing Doc. 15-1 at 672). Defendant argues, *inter alia*, that the ALJ's determination of Plaintiff's RFC was proper

5

and is supported by substantial evidence. Doc. 21 at 2. Upon review, the Court agrees with Defendant's assessment.

The RFC is the most a claimant can do despite their limitations. 20 C.F.R. § 404.1545. It is an administrative assessment made by the ALJ based on the totality of the evidence in the record. 20 C.F.R. §§ 404.1545; 404.1560. When making the assessment, the ALJ should consider medical assessments, descriptions by physicians, descriptions by the claimant, and any other evidence that shows any limitations on the claimant's ability to work. *Hollis v. Bowen*, 837 F.2d 1378, 1386-87 (5th Cir. 1988). However, it is the sole responsibility of the ALJ to determine the RFC, and this function is not to be confused with an ALJ substituting his own lay opinion for a medical opinion. *Taylor v. Astrue*, 706 F.3d 600, 602-603 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (the RFC determination is the sole responsibility of the ALJ)); *see also* 20 C.F.R. § 404.1520c (ALJ is only required to consider, not accept, medical opinion evidence).

In the case *sub judice*, the ALJ determined that Plaintiff had the residual functional capacity ("RFC")

> to lift 20 pounds occasionally and 10 pounds frequently; she can stand and walk for 2 hours in an 8[-]hour day and sit for 6 hours in an 8-hour workday; she needs a cane to get to and from the work zone. She should avoid ropes, ladders, scaffolds, climbing, [sic] ladders, and crawling; and she can occasionally balance, stoop, kneel, and crouch. She should avoid vibration and can frequently handle and finger bilaterally. The claimant is able to understand, remember, and carry out short and simple tasks and instructions; she should have occasional public contact and occasional co-worker or supervisory interaction. Work activity should be routine and repetitive; and she has the ability to ask simple questions or ask for help.

Doc. 15-1 at 23. Upon review of the medical evidence, the ALJ also found that Plaintiff's

> medically determinable impairments cannot reasonably be expected to produce the symptoms to the degree alleged by [Plaintiff]. [Plaintiff]'s statements concerning the intensity, persistence and limiting effects of these symptoms have been

>determined to diminish the capacity for basic work activities only to the extent to which they can reasonably be accepted as consistent with the objective medical and other evidence.

Doc. 15-1 at 27.

As the ALJ noted, Plaintiff reported that she is able to prepare simple meals, fold laundry, drive, shop, solve puzzle games, pay bills, count change, handle a savings account, and use a checkbook. Doc. 15-1 at 208-210. Also, there is a dearth of medical evidence detailing Plaintiff's previous mental health treatment. Moreover, at her documented medical appointments, Plaintiff was noted to be fully oriented, with normal mood, affect, and judgment. *See, e.g.*, Doc. 15-1 at 281, 301, 438.

The ALJ reported that in determining Plaintiff's RFC, he considered *all* of the medical evidence—including, but not limited to, the medical opinions and findings of the state agency doctors and Dr. Horton—as well as the evidence of Plaintiff's daily activities. Doc. 15-1 at 24, 26. The Court has no basis to assume otherwise. And contrary to Plaintiff's argument, the ALJ did not discount Dr. Horton's opinion. Indeed, the ALJ determined that Plaintiff suffers from the impairments Dr. Horton diagnosed. Doc. 15-1 at 27. That notwithstanding, the ALJ was under no obligation to accept Dr. Horton's opinion regarding the limiting effects of such impairments where other evidence simply did not support that opinion. *See* Doc. 15-1 at 26 ("Dr. Horton's opinion is inconsistent with the evidence of record that shows scant mental health treatment, which suggests that the claimant's psychological impairments are not as pressing as her physical impairments."); *Hernandez v. Astrue*, 278 Fed.Appx. 333, 338 (5th Cir. 2008) (per curiam) (when considering the opinions of *non-treating* medical sources in determining a claimant's RFC, the ALJ is free to incorporate as many or as few limitations as he finds are consistent with the record as a whole). And, just as the *Taylor* court rightly advised, this Court does not confuse

7

an ALJ *interpreting* the medical evidence to determine a claimant's RFC with the ALJ *substituting* his own opinion for that of a medical professional, 706 F.3d at 603.

For all these reasons, the Court concludes that the ALJ's RFC finding and determination that Plaintiff is not disabled are supported by substantial evidence. *Greenspan*, 38 F.3d at 236.

## IV. CONCLUSION

Plaintiff's *Brief,* construed as a motion for summary judgment, Doc. 18, is **DENIED**, Defendant's *Response Brief*, construed as a cross-motion for summary judgment, Doc. 21, is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** on March 30, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

8